May it please the Court, my name is John Sampson, Assistant Attorney General representing the respondent appellate in this habeas action. The District Court erred in granting relief on Mr. Sharp's claims of ineffective assistance to counsel because the District Court did not provide proper deference to the State Court adjudication of those claims. The United States Supreme Court has repeatedly reminded the Federal Courts that the Habeas statutes when reviewing the State Court judgment. In cases where the Court reviews a State Court adjudication of an ineffective assistance to counsel claim, the Court's review must be quote doubly deferential. The District Court in this case applied the clearly erroneous standard developed by this Court's in this Court's opinion of Van Tran and did not apply the high measure of deference that is required under the Habeas statute. Even though the District Court believed the counsel provided ineffective assistance to counsel, the State Court could reach the opposite conclusion by reasonably applying Supreme Court case law. Because the State Court decision was not contrary to or an unreasonable application of Supreme Court case law, relief should be denied. I would like to address first the claim of ineffective assistance counsel for failure to offer evidence of hypersensitivity of the mother's hypersensitivity to child abuse and then address the claim regarding the lack of or the limits of cross-examination. If you could address when you're going through this that it would appear that clearly the trial court did tell the defense counsel that while the trial court reviewed certain records in camera and said, I'm not going to let you let this thing spin out of control and I'm not going to try all these other cases inside this case and you haven't presented enough evidence of falsity, I'm not convinced it's to get into this evidence. The way that I basically understand the case that was presented that resulted in a conviction is that you have the statements of the minor. The minor child does not qualify to testify as a witness due to age, so is essentially unavailable. So you have statements to, I guess, the mother, to the police, and I think a daycare person. And then you've got certain behaviors. The child exhibits certain sexualized behaviors that would, you know, could arguably say why would this child be behaving this way if something had not, in fact, occurred to happen to this child. Essentially, since the child herself does not testify and the mother is really an important part of this case, I'm really concerned with how you can say it wouldn't be prejudicial to be able to impeach this woman with evidence that, you know, she had been involved, I guess, in three other claims involving, and apparently this was part of her work in terms of what she did. I mean, she was, that was part of her professional persona. I mean, she herself apparently had made those allegations against a member of her family that had occurred to her. She had made them in a prior divorce proceeding involving a son of hers, and then she had assisted someone else in doing that. It just seems that her credibility was really so crucial to this case in terms of, because the child couldn't testify, the child, you know, there's nothing along those. There wasn't physical evidence of abuse, although there was sexualized behavior. How could that not, you know, I mean, how could allowing the mother to testify with that, you know, without more information not be, you know, how could we be sure that a different result wouldn't have happened? For two reasons, Your Honor, and the first is that the evidence wasn't admissible. The second, which I'll address right now, is that even if it was admissible, it would not have affected the jury's verdict. The mother was an important part of the state's case, but she was not the only witness who heard the victim make statements that Mr. Sharp had raped her. So this wasn't a claim that the mother was making these statements up. So that's eliminated. So it's not a credibility of whether the victim even said this. The issue that Mr. Sharp now claims should have been proven with this evidence is that the mother, because she had been truthfully involved in abuse in the past, unintentionally coached the victim into making these statements not only to her but to numerous other witnesses and engaged in sexual behaviors, which included the child raping a doll. This evidence would not have affected the jury's verdict because expert testimony showed that this unintentional coaching would not have resulted in either the statements or the sexualized behavior. Well, I mean, just would it be your position that this is a case of overwhelming evidence? Yes, Your Honor. I'm struggling with that one in terms of, you know, I would agree in the sense that obviously if there had been physical evidence, because some of the acts that she purported to occur to a three-and-a-half-year-old, while you wouldn't always find physical evidence. I mean, I've heard enough of this, you know, where they say, well, it might have physical evidence, it might not. But obviously since she claimed to essentially have been raped, that you would expect a three-and-a-half-year-old, or there would be an argument that you would expect a three-and-a-half-year-old. And had you had physical evidence of, you know, after some sort of, you know, physical exam that she did have physical evidence of penetration, I would describe that as an overwhelming evidence case. But here I'm struggling with that. In a case involving a three- or four-year-old child, Your Honor, and I believe the medical testimony at trial was to this effect, children heal very rapidly. And a child who is raped will not have that physical evidence that you would expect to find in an adult who is raped and who immediately goes to the hospital. The child who is raped who goes to the hospital much later, you're not going to find that. And the doctor that — Yeah, I agree with that argument if you're arguing whether there's substantial evidence, because I know that there are — I've heard testimony on both sides to that effect. But does that make it overwhelming evidence? Do you have to — does there have to be overwhelming evidence for you to prevail here? No. No, there does not have to be overwhelming evidence. It's the State's position that there is overwhelming evidence. That helps you on the prejudice. That does. But it doesn't have to be overwhelming for the State to prevail. Because, first, the evidence that would have come in would have been that she had prior — that the mother had prior involvement in sex abuse cases. Not that they were false, just that she had them. The State could have then, in all fairness, proved that they were true. The victim's mother was telling the truth. It brings to mind Perry Mason examining a witness and attacking the witness, and the witness finally breaking down and saying, yes, I admit it, I lied, I lied. But in this case, it would be the exact opposite. That's always the problem of assessing prejudice, because we never get to hear what the trial would have been like absent. So we're assessing prejudice a little bit in a vacuum. And there is a subjective component to that. And it's the petitioner's burden to prove prejudice. And it's the petitioner's burden to prove that the State court, in finding that he could not show prejudice, was objectively unreasonable.  The victim made 24 disclosures of sexual abuse and was seen 14 times engaged in sexualized play. The statements that came in were not just the statements made to the mother. There were statements made to the teacher, to her brother, to a physician, to a child psychologist, and to a police officer. The prior – the fact that the mother had been – made prior accusations unrelated to this case would not have affected the validity of that evidence. The jury did hear that she had made prior accusations of sexual abuse. And the jury could have – What did they hear on that point? I'm sorry, Your Honor? What specifically did they hear? They heard a question, you have made prior accusations of sex abuse against someone other than Mr. Sharp. And she answered yes. And for this reason, your husband described you as hypervigilant. And she answered again yes. So the jury did know that she had been involved in prior cases. And the defense's position throughout the trial was that these accusations were false. They were false against other men. They were false against Mr. Sharp. And they were made to gain an advantage in the divorce proceedings. The jury could then speculate hearing this, okay, she has made false accusations in the past. She's making false accusations now. If the prosecution got up and showed, no, these are true, that would eliminate the defense. So delving further into this evidence would not have supported Mr. Sharp's position. If anything, it would have weakened it. Was there anything in the record that the prosecution could easily show that people had been convicted in all the three other incidences? The reason the judge excluded the evidence was there was no evidence that they were false. The case involving her son and her ex-husband, the evidence was substantial that abuse had occurred. That doesn't answer my question. Was there anything that the prosecution could, because obviously the court was concerned about spinning out of control and having three other trials. Were in any of those three allegations, was there like a conviction that the prosecutor could just come back with and say, well, that person was, or that person pled guilty or anything along those lines? There was no conviction. So they would have had to put on the facts of each one of the cases. Exactly. And it would have resulted in many trials. And that is why the court of appeals reasonably decided that this evidence would not be admissible. And that's the second reason why there is no prejudice. It could not have come in, because the state court found. Well, was there an admission that those, that that conduct involving others actually took place? There was substantial evidence. An admission? An admission by the victim's mother admitted that there were prior accusations. The trial judge in an in-camera review found there was substantial evidence to show that the sex abuse in those other cases did in fact occur. So the mother's prior accusations were truthful. She was a truthful witness. I'm not a trial lawyer. I have done trials, but I don't consider myself a trial lawyer. But I know that I don't prevail by showing that the other side's witness is truthful. I try to discredit that witness. And I cannot discredit that witness by showing that she's told the truth in the past. If anything, that will hurt my case. Were the record, if there is any, that caused the trial judge to say, I assume, I assume that the failure to follow my advice was a tactical decision. Where in the record did he ever come up with that idea? The trial judge, if I understand Your Honor's question, the trial judge in the post-trial hearing, after hearing testimony from the defense attorney and from others, found that the defense attorney acted unreasonably in not pursuing the trial judge's suggestion to pursue this novel theory, this novel theory of truth. A novel theory. It is to the extent it has never been used in the State of Washington. It has never been used in a criminal case as a defense against sexual abuse allegations, Your Honor. Where did the issue of tactical decision come up? Well, the issue of tactical decision came up in two manners, Your Honor. The judge found that the – this is a State court trial judge – found that the defense counsel did not make a conscious decision not to pursue this evidence of true allegations. She simply didn't realize what the judge was suggesting. That's one issue. She was asleep at the switch. Yes, Your Honor. That's not a tactical decision. That might not be a tactical decision. But what she did make a tactical decision was, I'm going to pursue this defense of false accusations and fabrications to gain tactical advantages. She talked with the defendant. She investigated this. She obtained records to support this. She presented this at trial. She did make tactical decisions and presented a strategic defense. What apparently she did not do was pick up on the suggestions of the trial judge to go with a completely different defense. That's my question. Well, the motion for the new trial, though, was granted after a second lawyer came in and presented evidence to the court that she did not do it as a tactical decision, correct? Yes, Your Honor. And then that was appealed. So we had – I mean, initially the trial court said it was a tactical decision. But then another lawyer came in and presented evidence showing that it wasn't with, I'm assuming, with trial counsel's affidavit saying it wasn't a tactical decision. I just misunderstood it. That's right. And trial counsel, in fact, testified to that. And then the trial court granted a new trial. And then there were appeals – there were cross appeals and appeals from that, correct? Yes, Your Honor. And the government prevailed on that. Yes, in the Washington Court of Appeals. And, in fact, the Supreme Court in Yarborough v. Gentry has said that the presumption of competence and all that goes with that presumption and the fact that counsel is presumed to act reasonably in presenting a case isn't based on whether there was an actual decision made or an inadvertent omission. Counsel is still presumed to act in a reasonably competent manner. And the state court acts properly in finding that counsel did provide effective representation. Counsel litigated this case. Counsel did what she felt was appropriate. She decided, I'm going to try to prove that the mother created all this purposely to win in a divorce proceeding. And she pursued that. And the jury heard evidence of that. What she didn't do was say, okay, I'm going to pick up on the judge's suggestion that I do the complete opposite of what I prepared for trial. From a procedural standpoint, there was another component of the habeas that the district court didn't rule on because the district court clung its hat on the ineffective assistance, correct? Yes, Your Honor. So let's just, for purpose of our argument, assume that we think that the district court got it right on that. Then what is the next step that the district court still has to go back and rule on that? Yes, Your Honor. There would be a remand for determination of whether the child hearsay statements violated the confrontation clause. And it's the reason the state appealed that issue. Although the judge did not reach the merits of the claim, he did find the state court unreasonably applied. Ohio v. Roberts and Idaho v. Wright. It's our position that the state applied the same test that the Supreme Court and that this court have accepted at that time to be the proper test. And the factors applied by the state court were the same exact factors approved by this court in Swan v. Peterson and by the U.S. Supreme Court in Idaho v. Wright. Therefore, that issue should go back to the district judge for determination of whether or not the statements violated the petitioner's rights under the confrontation clause. If I may, I would like to preserve the remainder of my time for rebuttal, Your Honor. Thank you. Good morning, Your Honors. May it please the Court, my name is James Lobsens. I represent Michael Sharp. I'd like to begin by answering some of Judge Callahan's questions, Your Honor. You asked if any of the other people had ever been acquitted, and I just wanted to give you some specifics there. Prior husband, Mr. Jakes, was charged. Charges were dismissed. The daycare provider, which is Mrs. Sharp's daycare provider, Mrs. Barnardchik, divorced her husband. He was charged, but charges were dismissed. So there was never any criminal trial in either of those cases. In Mr. Barnardchik's case, there was a Mr. Barnardchik asked that his name be removed from the CPS registry. Yes. Sorry, Your Honor. Mr. Barnardchik asked that his name be removed from a CPS registry of sex offenders. There was a trial on that administrative matter, and his name was removed. With regard to her accusation against her father, the record doesn't indicate that there was ever anything done about that. No charges, no trial. You're mumbling now. Pardon? You're mumbling. Sorry, Your Honor. You also asked about whether there was overwhelming evidence. I just wanted to point out that in making his findings and conclusions of law, the trial judge, Judge Scott, said that there is a showing of deficient conduct by Michael Sharp's trial. The defense attorney has seriously undermined the court's confidence in the reliability of the jury verdict in this case. That's at excerpts of Record 493. He also said, taken together, there's a strong possibility that the lack of a reasonably competent defense attorney has resulted in a conviction that would not otherwise have come about. He also found in finding of fact number five when the trial attorney, Ms. Rachel Levy, testified that he found her credible in all respects, and he found all of her testimony to be accurate. Let me ask you about your position from the standpoint of, I think I agree with your co-counsel that in order for your co-counsel to prevail, there doesn't have to be overwhelming evidence that, you know, he basically said there doesn't. I mean, obviously overwhelming evidence helps when you're assessing prejudice, but he is also stating what the court of appeal found in terms of what the state law was on those particular issues. Do you think the fact that there's not overwhelming evidence means you automatically win? No. Okay. Can you respond to his argument about how even if there isn't overwhelming evidence, his fallback position? For purposes of a claim of ineffective assistance of counsel, to prevail, the habeas petitioner doesn't have to show that it's more likely than not, doesn't have to show by a preponderance of the evidence that there would have been an acquittal or a hung jury, does have to show that there's a reasonable probability that there might have been. That's Strickland, and that's been repeated. So we don't have to show anything other than a reasonable probability or serious undermining of confidence in the verdict, both of which the trial court found. I completely disagree with counsel that there was overwhelming evidence of guilt. What I think I would sort of recast it and say is that there was overwhelming testimony by Linda Sharp. Linda Sharp testified for forever about statements and things she supposedly heard and observed. There's no corroboration that any of those things were actually said by the child or done by the child, and I do not agree with him that there was no challenge that it was admitted that the child said all these things. So is your point on that that that makes impeachment of her all the more crucial? Absolutely. And she's the centerpiece? She is definitely the centerpiece. What about the teacher and the police officer? I think it might help. There is no teacher, Your Honor, but I can run through what there was. Let me just do it this way. September 28, 1993, when the child is two and a half, the mother testifies that the child told her about a dream about her father. A year later, the mother asks the child the question after the child puts the mother's hand on her crotch. So she says, gets an answer that alarms her that indicates sexual abuse, takes the child to Children's Orthopedic Hospital the next day, where she's questioned by a social worker, but the child refuses to talk to the social worker. Then she's questioned by a police officer, but she refuses to talk to that police officer. Then she's questioned by a second police officer, Officer Bellingham. I think it is Grant Bellingham. She does make incriminating statements which incriminate her father to the second officer after he lets her play with the lights on his police car. And after she's refused to make statements to two other people, then she does make statements to a pediatrician, a few. And then she goes home, and the mother keeps a notebook at the direction of her child therapist, the same child therapist who treated her other child, Phillip, who was allegedly sexually abused by her other husband, Mr. Jakes. And she then keeps a record, and there's about 24, 25 statements that she claims the child made over the course of the next eight months. So if you look at what isn't coming from the mother and what comes right in the middle between some mother and after mother, you get a couple of statements to a police officer and finally to that pediatrician, very, very few. And you get statements here. Some of the statements from the child are, I dreamed this. Some of the statements from the child are, it happened. Oh, it didn't happen. Oh, yeah, it really did happen. I mean, they would never pass muster under the old Ohio v. Roberts analysis, which is not old, which is the analysis which applies here. I wanted to just mention about the court of appeals decision about prejudice. In the state appeal, the prosecution, when they appealed, never assigned error to Judge Scott's finding of prejudice in this case. That, under our rules in Washington state appeals, under what's called rule of appellate procedure 10.3G, should have made the finding of prejudice a verity, meaning the state court of appeals should not have permitted anybody to tell them that there was anything wrong with that finding of prejudice. Suospati, on their own, they came up with this strange idea, even though no one had challenged it, that this was a novel scientific testimony and that there wasn't any evidence that it was accepted elsewhere in the country. We cited cases and the district judge cited the same cases. There's a 1959, I think it's Pennsylvania case, that recognizes at that time that this is recognized everywhere and recognized by the American Psychiatric Association. So you can simply affirm here on grounds of ineffective assistance of counsel. You've so far only – we've only explored one of the areas of ineffective assistance of counsel, and I wanted to say something about the other area which Judge Scott also found and which the district court judge also agreed was ineffective, and that was the failure to ask more than those two questions which Mr. Sampson read to you. The state court said that the trial judge limited, clearly limited the kinds of questions which Ms. Levy, the trial attorney, would be allowed to ask after the prosecution opened the door to the whole subject of her prior accusations by asking her about something that Mr. Sharp had said during marital counseling. In their brief, the attorney general's brief, reply brief on page 12, they go through at great length the section of the transcript where the trial judge spoke to the trial attorneys about what defense counsel was going to be allowed to do, and they stopped at excerpts of record 192 after line 5, stopped after a particular line that makes it look like the judge had said he's only going to permit two questions, stopped after the judge had said, if that is so, after he clarified, he'd ask the prosecutor a question. The prosecutor had said, yes, I think so. He said, if that's so, I'll allow those two questions. The prosecutor then asked this, and the attorney general did not include this in their brief, Your Honor, does that then prohibit the defendant from getting into the specifics of the accusation, who, when, where, why? And the judge, instead of answering, yes, it does, he turned to Ms. Levy and he said, we all satisfied with that for now? And Ms. Levy said, that's fine. That is why Magistrate Benton, when she made her recommendation to Judge Lasnik, said that the transcript does not bear out what the court of appeals said in this case, and it is a completely unreasonable determination of fact, which also justifies a finding of ineffective assistance here. Your Honor, you asked a question about Wright v. Idaho, I think, and the Confrontation Clause analysis of hearsay. Well, we also had you both subsequently talk about Crawford and whether, as it interfaces with Teague and all of that. I'm prepared to address that if you like. I think my position is clear in the five-page supplemental letter brief I filed. Would you like me to address that? No, I think in my mind I've clarified where it fits in. Okay. Then what I would like to do is spend some of my remaining time on some of the cross-appeal issues which I raised, and to begin with, I just want to note an important distinction between presenting extrinsic evidence under evidence rule 404B, which is virtually the same in Washington State under our state rule as the federal rule, and cross-examining Linda Sharp. There is a key difference between presenting extrinsic evidence of her prior accusations and cross-examining her about it, and the difference is that under Washington law, and I assume the same is true for the federal, but I'm not sure, under evidence rule 404B, if you're going to bring up a prior bad act, you first have to lay a foundation that there was a prior bad act, and you have to make that foundation. You have to have the trial judge find it by a preponderance of the evidence. That I wish to contrast with cross-examining a witness. You do not have to show anything by a preponderance of the evidence or by any other standard in order to be allowed to cross-examine, in order to exercise your Sixth Amendment right, and that's a key difference and a key mistake which the trial judge made in this case. He took both of these issues, extrinsic evidence and cross-examination, in the same pretrial hearing. He heard argument about them, and then he ruled about them both at the same time. He said that he had reviewed these sealed files of the Jakes and Budnarchik case. He said he was not going to allow the presentation of extrinsic evidence because Sharp had not proved, because these previous files did not show that these prior accusations were false, he couldn't present extrinsic evidence. He did not allow Ms. Levy, the trial attorney, to present her own independent evidence outside of what had been presented at the Jakes or Budnarchik case. She had Mr. Jakes present, ready to testify in court that this didn't ever happen. I never did this. She had another witness, Ms. Vanderhyde, present to testify. Let me ask you the same procedural question that I asked of your co-counsel in the sense that if, just hypothetically, if this Court were to agree with you on your position on the ineffective assistance, what's left? Well, if you agree on ineffective assistance of counsel, I don't think you have to go any further. And you can say, affirmed, he gets a new trial. By the time he has his new trial, corrupted. What about the issues that the district court never got to? I don't think you need to reach them. And by the time he would then have a new trial, if he's entitled to a new trial because of ineffective assistance of counsel, then the issue of whether that hearsay evidence should or shouldn't have come in will come up again at the new trial. But at the new trial, the law will be Crawford versus Washington at that time. And then they'll have to deal with it. And that might be a better time because I think Justice Scalia himself said that Crawford will leave interim uncertainty, I think were his words. I think he did say that. But I just wish to point out that for purposes of extrinsic evidence, you cannot say to a man, Mr. Jakes, whom you never knew at the time, who was your wife's prior husband, he didn't manage to prove somehow that this was false. And Mr. Budnarchik, he didn't manage to prove that it was false. So we're not going to give you an opportunity to prove that it was false. You're just bound by that. That is clearly contrary to established Supreme Court law in McKinney versus Arizona, where the Supreme Court of the U.S. said you cannot bind Mr. McKinney to a prior determination made in another case in which he wasn't a party. You can't say that he's bound by that in his subsequent criminal case. As for cross-examination, when the trial judge again said you didn't prove it was false, so I'm not going to let you cross-examine Linda Sharp on these prior accusations because you can't prove it's false. That is simply flatly contrary, again, to U.S. Supreme Court precedent as in Alford versus the United States. That was a somewhat similar kind of mistake by a trial court judge. In that case, the trial attorney wanted to cross-examine the prosecutor's key witness and wanted to ask him if he was not currently in federal custody. He believed he was in custody charged with a crime, and then he had some motive to curry favor with the prosecution because of that. But he couldn't prove it. And the judge asked him, can you prove it? Do you know that? And he said, no, I can't prove it. And then he said, well, I'm not going to let you ask it then. The U.S. Supreme Court reversed, saying, and this is a long time ago in Alford, and they've subsequently reaffirmed the same principle in subsequent cases. This is Alford. To say that prejudice can be established only by showing that the cross-examination, if pursued, would necessarily have brought out facts tending to discredit the testimony in chief is to deny a substantial right and withdraw one of the safeguards essential to a fair trial. They said that again in Davis versus Alaska. Nobody can tell you whether the jury would have found that Mrs. Sharp was a liar, but we can tell you, we have shown you, that the jury never had an opportunity on their own to assess her credibility and decide whether she was a liar or not because they never got to hear that she had done this to a previous husband. I noted that this is also contrary to Olden versus Kentucky and those cases which say that it is always relevant for a defendant to cross-examine on a subject of partiality or motive of a witness to lie. Judge Posner of the Seventh Circuit had a very similar case. It's Redmond versus Kingston, which is cited in our briefs. It's a 2001 decision of the Seventh Circuit, and in that case Judge Posner affirmed the granting of habeas relief to a rape defendant because that defendant was not allowed to cross-examine the alleged victim on the fact that she had made a prior rape accusation, which he said was false. This case is also somewhat like Shipman versus Mercer, which is a decision of this court from 1980. That decision was written by then Judge Kennedy. That was a reversal for denial of cross-examination when the defendant was, in a burglary case, was not allowed to cross-examine on a prior false accusation of theft made by the main witness against him. Here in this habeas matter, the District Court Judge Lasnik never reached this issue. He said he wasn't going to reach it because, he said, he did not specifically point to the Sixth Amendment case law involving denial of an opportunity to explore motive. So he appeared to find a procedural default, and he never discussed the merits of this issue at all. I would just point out that the Washington State Court of Appeals didn't find a procedural default. No one ever argued to them there was a procedural default, and they decided the merits, incorrectly, by saying that, well, you couldn't prove it was false, so it's not relevant. Those, I think, are pretty much the exact words of the Washington Court of Appeals. There's no violation because you can't show that it's false, and that's directly contrary to Alford. I don't think it is necessary for you to reach those other issues, but if you do, I believe we're also entitled to habeas relief on the cross-appeal issue. When the District Court Judge said it was absolutely necessary that the defense establish these matters, doesn't that absolutely constitute prejudice? Yes. Yes, it does. You concede prejudice. I think the prejudice was devastating, and therefore I think the only reason the prejudice got set aside was because the Washington Court of Appeals came up with a theory that no one had ever argued and which there isn't any support for. This court in Walters v. McCormick, 122 Fed 3rd at 1177, affirmed a state court judgment where the court did what it did in this case. They excluded evidence of a victim's mother's prior accusations against her own father, and they said that this evidence of a history of abuse or a history of false accusations does not show a motive to testify falsely. The Eighth Circuit in United States v. Withorn reached the same conclusion. What this evidence would have done if... Were those factually based, though, as well? I mean, you're not saying as a matter of law that just because someone's made a prior accusation that it is or is not relevant, right? The fact that somebody made a prior accusation was admitted in this trial. It's what more does Mr. Sharp think could have been admitted. He wants to show that it was false, and the State, in fairness, would have had the opportunity. He's saying he doesn't have to meet any burden of showing falsity in the prior accusations. I don't know where that comes from because the state court said, you haven't shown that these are false, therefore they're not relevant and they're not admissible. What about his point that the state appellate court took the issue of prejudice on without, essentially, sua sponte or without the benefit of briefing from either side or without a request to address that from either side? I disagree because it's the petitioner's burden under state law and under federal law to prove the ineffective assistance of counsel claim in a collateral proceeding such as this was. It was his burden to show the counsel should have presented this evidence, that the evidence was admissible, and that it would have resulted in a different verdict, a reasonable probability of that. He failed to do that. This court often will reach issues or affirm convictions based on an item that maybe wasn't exactly argued, but as long as it's a- Well, the trial judge thought that that occurred, and the trial judge is there. He's there every day. He's listening to these witnesses. Something bothered him about this whole situation, right? That is true, Your Honor. But if I may answer, the state court of appeals disagreed, and the state court of appeals said this evidence was not admissible under Washington law, and that finding is binding on this court. I would ask that the court reverse the district court and remand for further proceedings. Thank you. Okay. Thank you. The matter is submitted. We'll take a brief recess. All rise. This court is going to recess.
judges: Pregerson, Ferguson, Callahan